# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORMAN MAGUEL SMITH,<br><br>   Petitioner,<br><br>vs.<br><br>G.J. GIURBINO, Warden,<br><br>   Respondent. | CASE NO. 06cv700 IEG (CAB)<br><br>**ORDER:**<br><br>**(1) ADOPTING REPORT AND RECOMMENDATION** (Doc. No. 22)**;**<br><br>**(2) REJECTING PETITIONER'S OBJECTIONS** (Doc. No. 26)**;**<br><br>**and (3) DENYING PETITIONER'S MOTION FOR STAY AND ABEYANCE** (Doc. Nos. 17 & 20). |

Presently before the Court is Norman Maguel Smith's ("petitioner") motion to stay and hold in abeyance his petition for a writ of habeas corpus. For the reasons stated below, the Court denies petitioner's motion.

**BACKGROUND**

Petitioner, a state prisoner proceeding pro se, has filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging his June, 2003 conviction for three counts of robbery. (Doc. No. 1.) Petitioner raises three grounds for relief in his petition: (1) legal insufficiency of the evidence; (2) cruel and unusual punishment; and (3) flawed jury instructions.

After the petition had been fully briefed, petitioner filed a motion for stay and abeyance on

1 August 16, 2007.  (Doc. No. 17.)  Magistrate Judge Cathy Ann Bencivengo explained the
2 requirements for demonstrating a stay and abeyance by written order of August 30, 2007. (Doc. No.
3 18.) Accordingly, petitioner filed an amended motion for stay and abeyance nunc pro tunc to
4 September 24, 2007.  The amended motion indicates petitioner would like to exhaust and add claims
5 for ineffective assistance of trial counsel, prosecutorial misconduct, abuse of discretion by the trial
6 judge, jury misconduct, and ineffective assistance of counsel at sentencing.  (Doc. No. 20.)
7 On October 9, 2007, respondent opposed the motion.  (Doc. No. 21.)  On October 29, 2007,
8 Magistrate Judge Bencivengo issued a Report and Recommendation ("Report") recommending the
9 Court deny petitioner's motion for a stay and abeyance.  (Doc. No. 22.)  On October 31, 2007,
10 petitioner filed a reply in support of the motion for stay and abeyance (Doc. No. 24), and on November
11 27, 2007, petitioner filed objections to the Report (Doc. No. 26).  Respondent has not filed a reply.
12 Because petitioner objects to the Report in its entirety, the Court reviews the Report de novo.
13 28 U.S.C. § 636(b)(1); Holder v. Holder, 392 F.3d 1009, 1022 (9th Cir. 2004).

**DISCUSSION**

15 Petitioner objects to the Report in general and argues that he could not exhaust his claims
16 earlier because he was ill in 2004 and had limited access to the law library.  (Objections at 2.)
17 Magistrate Judge Bencivengo correctly identified the standard for granting a stay and
18 abeyance.  District courts have limited discretion to hold in abeyance a habeas petition, in order to
19 permit a petitioner to return to state court to exhaust additional claims while the federal proceedings
20 are stayed.  Rhines v. Weber, 544 U.S. 269, 277 (2005).  In exercising its discretion, the Court is to
21 consider whether: (1) "the petitioner has good cause for his failure to exhaust;" (2) the unexhausted
22 claims are potentially meritorious; and (3) petitioner has "engaged in intentionally dilatory tactics."
23 Id. at 278.  Without a showing of good cause, the Court may not grant a stay "[b]ecause granting a stay
24 effectively excuses a petitioner's failure to present his claims first to the state courts."  Id. at 277.
25 As the magistrate judge correctly found, petitioner has not shown good cause for his failure
26 to exhaust his claims in state court.  Petitioner's filings, liberally construed, argue petitioner was
27 unable to exhaust due to (1) lack of legal knowledge, (2) illness, and (3) lack of knowledge of the
28 facts.

1       First, Petitioner states he did not know the Anti-Terrorism and Effective Death Penalty Act ("AEDPA") applied to his case.  As the Report correctly explains, with reasonable diligence petitioner would have learned of AEDPA prior to filing his federal petition.  The form petitioner used for his federal petition clearly identified 28 U.S.C. § 2254, warned petitioner about failure to exhaust claims in state court, and notified petitioner he may be barred from presenting additional grounds not included in the first petition.  (Petition at 1, 5.)  Moreover, lack of legal knowledge and self-representation do not, in and of themselves, constitute good cause.  See, e.g., Calvert v. Daniels, No. 05-077, 2006 WL 2527639 at *2 (E.D. Wash. Aug. 28, 2006) ("The Court finds that the mere fact that a petitioner is acting pro se or lacks knowledge of the law does not establish "good cause" under Rhines."); Riseley v. Warden, Pleasant Valley State Prison, No. 04-2417, 2006 WL 1652657 at *2, n.3 (E.D. Cal. June 14, 2006); cf. Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding illiteracy does not establish "good cause").  Petitioner states he has only been able to access the law library one to two times per week for the last two years.  As the magistrate judge correctly concluded, this level of library access does not constitute good cause for failure to exhaust.

       Second, petitioner also states he had surgery in 2004.  Petitioner's illness does not establish good cause given petitioner's continuing failure to file the claims in state court approximately three years later.  See Hagins v. Gay, No. 06-5676, 2007 WL 148951 at *2 (W.D. Wash, Jan. 5, 2007) (finding repeated transfer of petitioner in 2003 did not establish good cause for failure to exhaust in 2007).

       Lastly, petitioner stated in his initial motion that he had just learned the facts supporting his claims.  His amended motion, however, states he "knows the facts but didn't know the law." (Amended Motion at 2.)  Petitioner supports his claims with facts regarding his interaction with his lawyer and events at his trial in 2003.  These facts are not "newly discovered."  Petitioner also claims the information "was already given to the appeals attorney," indicating petitioner was aware of these claims as far back as 2004.  (Id.)

//
//
//
//

**CONCLUSION**

For the foregoing reasons, the Court hereby (1) adopts Magistrate Judge Bencivengo's Report, (2) rejects petitioner's objections to the Report, and (3) denies petitioner's motion for a stay and abeyance.

**IT IS SO ORDERED**.

DATED: January 7, 2008

_____
IRMA E. GONZALEZ, Chief Judge
United States District Court